UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>VERTEX FAB & DESIGN, LLC,<br><br>Debtor. | CHAPTER 7<br>CASE NO. 15-11803-JNF |
| DONALD R. LASSMAN, CHAPTER 7 TRUSTEE VERTEX FAB & DESIGN, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERTEX RAILCAR CORPORATION, VERTEX RAIL TECHNOLOGIES, LLC. and DONALD G. CROTEAU,<br><br>Defendant. | ADVERSARY PROCEEDING<br>CASE NO. 16-01141-JNF<br><br>**Jury Trial Demand** |

### ANSWER OF DONALD G. CROTEAU

Donald G. Croteau ("Mr. Croteau") makes the following answer to the Adversary Complaint of Donald R. Lassman, Chapter 7 Trustee Vertex Fab & Design, LLC (the "Trustee") against Vertex Railcar Corporation ("VRC"), Vertex Rail Technologies, LLC. ("VRT"), and Mr. Croteau:

### INTRODUCTION

This section of the Complaint purports to be a description of the litigation, and requires no response. To the extent that this section of the Complaint was intended to state allegations to which a response may be required, Mr. Croteau denies those allegations, denies any liability to the Trustee, and denies that the Trustee is entitled to any relief from or against Mr. Croteau.

## JURISDICTION, VENUE, AND STANDING

1-3.    Mr. Croteau admits that the Trustee has standing and that this Court has jurisdiction and venue.

## PARTIES

4-7.    Mr. Croteau admits the allegations in paragraphs 4 through 7.

## FACTUAL ALLEGATIONS

8-12.    Mr. Croteau admits the allegations in paragraphs 8 through 12.

13.    Mr. Croteau states that he explored additional business opportunities for Vertex Fab, and otherwise denies the allegations in paragraph 13.

14.    Mr. Croteau states that some Vertex Fab employees were assigned to work on railcar design, and otherwise denies the allegations in paragraph 14.

15.    Mr. Croteau states that Shane Wiswell and Gregg Tavares worked on railcar design, and otherwise denies the allegations in paragraph 15.

16.    Mr. Croteau states that in 2013 Vertex Fab employees worked on railcar design, and otherwise denies the allegations in paragraph 16.

17.    Mr. Croteau states that in 2013 Vertex Fab employed Daniel Bigda ("Mr. Bigda") who had experience with railcars, and otherwise denies the allegations in paragraph 17.

18.    Mr. Croteau states that Vertex Fab received a proposal from Boxcar Services. Mr. Croteau states that Vertex Fab employed Mr. Bigda. Mr. Croteau otherwise denies the allegations in paragraph 18.

19.    Mr. Croteau states that Mr. Bidga was employed by Vertex Fab, and otherwise denies the allegations in paragraph 19.

20.    Mr. Croteau states that Vertex Fab sent the email attached to the Complaint as Exhibit 2, and otherwise denies the allegations in paragraph 20.

21. Mr. Croteau states that Scott Bauer ("Mr. Bauer") as part of his duties for Vertex Fab worked on opportunities for the sale of railcars, and otherwise denies the allegations in paragraph 21.

22. Mr. Croteau states that employees of Vertex Fab interacted with the Association of American Railroads as part of working for Vertex Fab on railcar design, and otherwise denies the allegations in paragraph 22.

23. Mr. Croteau states that Vertex Fab sent the email attached to the Complaint as Exhibit 3, and otherwise denies the allegations in paragraph 23.

24. Mr. Croteau states that Tucker & Meltzer prepared the draft report ("the Draft Report") attached to the Complaint as Exhibit 4, and otherwise denies the allegations in paragraph 24.

25. Mr. Croteau states that the figure of 4,750 hours appears in the Draft Report but is uncertain as to the origin of the figure, and otherwise denies the allegations in paragraph 25.

26. Mr. Croteau states that Vertex Fab employees performed substantially all of the work on the design drawings, and that Vertex Fab was compensated for that work. Mr. Croteau otherwise denies the allegations in paragraph 26.

27. Mr. Croteau states that those calculations appear in the Draft Report, and otherwise denies the allegations in paragraph 27.

28. Mr. Croteau states that those calculations appear in the Draft Report, and otherwise denies the allegations in paragraph 28.

29. Mr. Croteau states that that conclusion appears in the Draft Report, and otherwise denies the allegations in paragraph 29.

30. Mr. Croteau states that he sent the email attached to the Complaint as Exhibit 5, and otherwise denies the allegations in paragraph 30.

31. Mr. Croteau admits the allegations in paragraph 31.

32. Mr. Croteau admits the allegations in paragraph 32.

33. Mr. Croteau states that Vertex Fab continued to operate after the formation of VRT, and otherwise denies the allegations in paragraph 33.

34. Mr. Croteau states that Vertex Fab employees at the Vertex Fab space worked on railcar design after July 2014, and otherwise denies the allegations in paragraph 34.

35. Mr. Croteau states that Vertex Fab employees used Vertex Fab email addresses, and otherwise denies the allegations in paragraph 35.

36. Mr. Croteau admits the allegations of paragraph 36.

37. Mr. Croteau admits the allegations of paragraph 37.

38. Mr. Croteau states that Exhibit 6 speaks for itself.

39. Mr. Croteau states that Exhibit 6 speaks for itself.

40. Mr. Croteau admits the allegation in paragraph 40.

41. Mr. Croteau admits the allegations in paragraph 41.

42. Mr. Croteau admits the allegations in paragraph 42.

43. Mr. Croteau admits that the stated purchase price was less than the estimated valuation stated in the Draft Report., and otherwise denies the allegations in paragraph 43.

44. Mr. Croteau admits the allegations in paragraph 44.

45. Mr. Croteau admits the allegations in paragraph 45.

46. Mr. Croteau admits the allegations in paragraph 46.

47. Mr. Croteau states that Exhibit 7 speaks for itself.

48. Mr. Croteau states that Exhibit 8 speaks for itself.

49. Mr. Croteau admits the allegations in paragraph 49.

50. Mr. Croteau states that he from time to time used a Vertex Fab email address after April 2014, and otherwise denies the allegations of paragraph 50.

51. Mr. Croteau states that he was seeking an investment that would provide sufficient funds to satisfy the liabilities of Vertex Fab, and otherwise denies the allegations of paragraph 51.

52. Mr. Croteau states that Exhibit 9 speaks for itself.

53. Mr. Croteau states that Exhibit 9 speaks for itself.

54. Mr. Croteau states that he communicated with representatives of CSR in 2014, but is uncertain when those communications became negotiations.

55. Mr. Croteau admits the allegations in paragraph 55.

56. Mr. Croteau admits the allegations in paragraph 56.

57. Mr. Croteau states that Exhibit 10 speaks for itself, and notes that Exhibit 10 is in unsigned draft.

58. Mr. Croteau states that Exhibit 11 speaks for itself.

59. Mr. Croteau denies the allegations in paragraph 59.

60. Mr. Croteau states that CSR received a stake in VRC, and that CSR contributed engineering personnel and technical manufacturing know how.  Mr. Croteau otherwise denies the allegations in paragraph 60.

61. Mr. Croteau admits that Majestic Legend Holdings Limited received an ownership interest in VRC, and otherwise denies the allegations in paragraph 61.

62. Mr. Croteau lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63. Mr. Croteau denies the allegations in paragraph 63.

64. Mr. Croteau denies the allegations in paragraph 64.

65. Mr. Croteau states that Exhibits 9 and 13 speak for themselves.

66. Mr. Croteau admits the allegations in paragraph 66.

67. Mr. Croteau lacks knowledge or information sufficient to form a belief as to the trust of the allegations in paragraph 67.

68. Mr. Croteau states that Exhibit 13 speaks for itself.

69. Mr. Croteau states that Exhibit 13 speaks for itself.

70. Mr. Croteau states that Exhibit 13 speaks for itself.

71. Mr. Croteau states that Exhibit 13 speaks for itself.

72. Mr. Croteau states that Exhibit 13 speaks for itself, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73. Mr. Croteau states that at various points in discussions, he sought sufficient investment to satisfy all Vertex Fab liabilities.

74. Mr. Croteau lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75. Mr. Croteau states that Exhibit 14 speaks for itself.

76. Mr. Croteau states that Exhibit 14 speaks for itself.

77. Mr. Croteau states that Vertex Fab was in arrears in some obligations in late 2013.

78. Mr. Croteau admits the allegations in paragraph 78.

79. Mr. Croteau admits that there were communications with Recovery Capital concerning payment, and that Recovery Capital filed suit against Vertex Fab in late 2014, and otherwise denies the allegations in paragraph 79.

80. Mr. Croteau admits the allegations in paragraph 80.

81. Mr. Croteau admits that Vertex Fab was in arrears on various obligations during 2014 and early 2015, and otherwise denies the allegations in paragraph 81.

82. Mr. Croteau denies the allegations in paragraph 82.

83. Mr. Croteau denies the allegations in paragraph 83.

84. Mr. Croteau states that Exhibit 15 speaks for itself.

85. Mr. Croteau states that Exhibit 16 speaks for itself.

86. Mr. Croteau states that Exhibit 17 speaks for itself.

87. Mr. Croteau states that he was negotiating with CSR in late 2014, and otherwise denies the allegations in paragraph 87.

88. Mr. Croteau states that Exhibit 18 speaks for itself.

89. Mr. Croteau denies the allegations in paragraph 89.

90. Mr. Croteau denies the allegations in paragraph 90.

91. Mr. Croteau denies the allegations in paragraph 91.

92. Mr. Croteau denies the allegations in paragraph 92.

## **COUNT I through COUNT XVII**

93-219. Mr. Croteau states that the allegations in Counts I through XVII and paragraphs 93 through 219 appear to be directed against VRT or VRC, and that no response by him is required.

## COUNT XVIII

220. Mr. Croteau repeats and incorporates by reference his responses to the allegations in paragraphs 1 through 219.

221. To the extent that the allegations in paragraph 221 are intended to be allegations of fact, Mr. Croteau admits those allegations.

222. To the extent that the allegations in paragraph 222 are intended to be allegations of fact, Mr. Croteau admits those allegations, except that he denies that he was responsible to manage Vertex Lab for the best interests of the creditors of Vertex Fab.

223. To the extent that the allegations in paragraph 223 are intended to be allegations of fact, Mr. Croteau admits those allegations.

224. Mr. Croteau denies the allegations in paragraph 224.

225. Mr. Croteau denies the allegations in paragraph 225.

226. Mr. Croteau denies the allegations in paragraph 226.

227. Mr. Croteau denies the allegations in paragraph 227.

228. Mr. Croteau denies the allegations in paragraph 228.

229. Mr. Croteau denies the allegations in paragraph 229.

230. Mr. Croteau denies the allegations in paragraph 230.

## COUNT XIX

231. Mr. Croteau repeats and incorporates by reference his responses to the allegations in paragraphs 1 through 230.

232. To the extent that the allegations in paragraph 232 are intended to be allegations of fact, Mr. Croteau admits those allegations.

233. To the extent that the allegations in paragraph 233 are intended to be allegations of fact, Mr. Croteau admits those allegations, except that he denies that he had a duty to promote the interests of the creditors of Vertex Fab.

234. Mr. Croteau denies the allegations in paragraph 234.

235. Mr. Croteau denies the allegations in paragraph 235.

236. Mr. Croteau denies the allegations in paragraph 236.

237. Mr. Croteau denies the allegations in paragraph 237.

238. Mr. Croteau denies the allegations in paragraph 238.

239. Mr. Croteau denies the allegations in paragraph 239.

240. Mr. Croteau denies the allegations in paragraph 240.

241. Mr. Croteau denies the allegations in paragraph 241.

## TRUSTEE'S REQUEST FOR RELIEF

Mr. Croteau denies that the Trustee is entitled to any of the relief against Mr. Croteau requested by the Trustee in the "WHEREFORE" paragraph or otherwise in the Complaint, or to any other or further relief against Mr. Croteau.

Except as expressly set forth herein, Mr. Croteau denies all allegations as to him included in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted against Mr. Croteau.

## SECOND AFFIRMATIVE DEFENSE

The Trustee is barred from recovery against Mr. Croteau because Mr. Croteau at all times acted in good faith in what he believed were the best interests of Vertex Fab and VRT.

### THIRD AFFIRMATIVE DEFENSE

The Trustee's claims are barred against Mr. Croteau because even if the Trustee has suffered damages, those damages were not caused by the acts of Mr. Croteau.

### FOURTH AFFIRMATIVE DEFENSE

If Mr. Croteau has any liability (which Mr. Croteau specifically denies), any recovery by the Trustee is subject to Mr. Croteau's right of setoff and/or recoupment.

### FIFTH AFFIRMATIVE DEFENSE

If Mr. Croteau has any liability (which Mr. Croteau specifically denies), the Trustee is entitled to only a single satisfaction.

### RESERVATION OF RIGHTS AND DEFENSES

Mr. Croteau reserves the right to assert any additional defenses in this matter that may be disclosed during the course of additional investigation and discovery.

WHEREFORE, Mr. Croteau respectfully requests that the Court enter an Order:

(a) dismissing the Complaint with prejudice;

(b) entering judgment in favor of Mr. Croteau and against the Trustee on all counts of the Complaint stated against Mr. Croteau;

(c) awarding Mr. Croteau its reasonable attorneys' fees and costs to the extent allowed by applicable law; and

(d) granting such other relief as is just and proper.

                      Donald G. Croteau
                      By his attorneys.

                      /s/ John O. Mirick
                      John O. Mirick, Esq.
                      BBO # 349240
                      Mirick, O'Connell, DeMallie & Lougee, LLP
                      100 Front Street
                      Worcester, MA  01608
                      Phone:  (508) 791-8500
                      Fax:   (508) 791-8502
                      jmirick@mirickoconnell.com

October 19, 2016

## Jury Demand

VRT demands a trial by jury on all issues that are triable before a jury.

## CERTIFICATE OF SERVICE

    I, John O. Mirick, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19, 2016.

                      /s/ John O. Mirick

                      John O. Mirick, Esq.