UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re   Vertex Fab & Design, LLC

       Chapter 7
       Case No. 15-11803 -JNF

   Debtor
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

   Donald Lassman

   Plaintiff

v.                                                   Adv. P. No. 16-01141

   Vertex Railcar Corporation

   Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**SCHEDULING ORDER**

**1. Applicability of Rules.** The provisions of Fed. R. Civ. P. 16 and 26, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P 7016 and 7026, apply in this adversary proceeding, unless the court orders otherwise in a subsequent order.

**2. Initial Disclosures and Joint Discovery Report.** The parties are ordered to conduct an initial conference in accordance with Fed. R. Civ. P. 26(f) by <u>November 21, 2016</u>, at which they shall a) exchange the required disclosures under Fed. R. Bankr. P. 26(a)(1); b) confer on the issues set forth in Fed. R. Civ. P. 26(f)(2): and c) stipulate as to the provisions of a discovery plan which shall include their agreement on the topics set forth in Fed. R. Civ. P. 26(f)(3). On or before <u>December 5, 2016</u>, the

parties shall file with the Court a Joint Discovery Report setting forth the terms of the discovery plan executed by counsel to both parties, or any pro se party.

The parties are under a duty to preserve evidence, including electronically stored information ("ESI") relevant to the issues raised by the pleadings. In event discoverable information is electronically stored, the parties shall agree on an ESI plan at the initial conference, and shall include their ESI plan in the Joint Discovery Report.

**3. Joinder and Amendment Deadlines.** The deadline for amending the pleadings and for joining other parties is December 5, 2016        .

**4. Discovery**.  The deadline for completing discovery is January 21, 2017        , unless the court, upon appropriate motion and consideration of the discovery plan, alters the time and manner of discovery. Pursuant to Fed. R. Civ. P. 26(b)(1) and 26(g), discovery in this proceeding shall be proportional to the issues presented in the case. The parties and counsel shall cooperate during all aspects of discovery.  Unless otherwise ordered by the court, depositions of fact witnesses shall not exceed 4 hours and depositions of expert witnesses shall not exceed 7 hours.

Failure of any party or counsel to cooperate in discovery may warrant the imposition of sanctions.

Pursuant to Fed. R. Civ. P. 16(b)(3)(B)(v), no discovery-related motion may be filed unless the moving party has attempted, in good faith, to resolve the dispute informally, and in the event a consensual resolution cannot be reached, has requested a pre-motion discovery conference with the court to attempt to resolve the dispute. A party seeking a pre-motion discovery conference with the court shall file a motion for scheduling of a

discovery conference, and include in the motion a summary of the dispute and the parties' efforts to resolve it informally.  In the event the Court is required to take action on a discovery motion, the successful party may be awarded the fees and costs of bringing the discovery motion to be paid by the unsuccessful party and or its counsel as the circumstances may warrant.

Failure of any party or counsel to make required disclosures or cooperate in discovery may warrant the imosition of sanctions under Fed. R. Civ. P. 37, as made applicable by Fed. R. Bankr. P. 7037.

**5. Joint Pretrial Memorandum**. The parties are ordered to file by <u>March 20, 2017</u> a Joint Pretrial Memorandum approved by all counsel and unrepresented parties, which shall set forth the following:

> (A) A statement as to the Court's jurisdiction and a statement as to whether the parties consent to the entry of a final order by this Court.
>
> (B) The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.
>
> (C) A list of witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
>
> (D) A list of witnesses intended to be called as experts, together with a statement as to an objection to their qualification, and a certification that the expert's report has been served on the opposing party(ies) in accordance with Fed. R. Civ. P. 26(a).
>
> (E) An appropriate identification of each document or other exhibit, other than those to be used for impeachment, in the sequence in which they will be offered, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

(F) A statement of any objections, together with the grounds therefor, reserved as to the admissibility of a deposition designated by another party and to the admissibility of documents or exhibits. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

(G) A statement confirming that the parties have exchanged copies of the exhibits.

(H) Facts which are admitted and which require no proof.

(I) The issues of fact which remain to be litigated (evidence at the trial shall be limited to these issues).

(J) The issues of law to be determined.

(K) A statement summarizing the Plaintiff's case.

(L) A statement summarizing the Defendant's case.

(M) The estimated length of the trial.

**6. Motions.** The deadline for filing motions, including dispositive motions and discovery motions, is <u>February 20, 2017</u>. In the event a party files a motion for summary judgment by this deadline, the date for the filing of the Joint Pretrial Memorandum as set forth in paragraph 5 of this order shall be automatically extended. In the event the Court denies the motion for summary judgment, the Joint Pretrial Memorandum shall be due 30 days after the Court's order denying the motion for summary judgment.

**7. Additional Orders; Leave of Court Required for Modification**. After the filing of the Joint Pretrial Memorandum, the Court may enter additional pretrial orders in accordance with Fed. R. Civ. P. 16(d) and may schedule a final pretrial conference(s) in

accordance with Fed. R. Civ. P. 16(e) at which the parties shall be prepared to address the matters set forth in Fed. R. Bankr. P. 16(c)(2).

**8. Trial.** The Court will schedule a trial after the filing of the Joint Pretrial Memorandum or final pretrial conference. At trial, the parties shall present exhibits in electronic form through one of the Court's electronic evidence presentation systems or in paper form. The parties may bring paper copies of exhibits for demonstration on the electronic display system, or may display exhibits using a laptop computer or other device. In the event a party intends to introduce exhibits in electronic form, the party must bring one copy of each exhibit for the purposes of a record on appeal. Upon the scheduling of an evidentiary hearing, the parties shall contact Courtroom Deputy Peggy Defren at (617) 748-5327 or by emailing her at Peggy_Defren@mab.uscourts.gov to obtain information about and to schedule a demonstration of the evidence presentation equipment. In the event a party intends to proceed with submission of exhibits in paper form, the parties shall bring sufficient copies of all exhibits to court for trial so that a copy is available for the Court, the Courtroom Deputy, the witness, and all counsel and the paper exhibits shall be assembled in notebooks tabbed with appropriate exhibit numbers and shall be available at the commencement of trial.

**9. Prohibition of Modification; Sanctions**. This scheduling order and deadlines established by the Court may not be modified absent a showing of good cause and approval by the court. In the event the parties wish to modify or include additional terms in a scheduling order, they must file a motion seeking approval of such modifications or additional terms. Failure to strictly comply with all of the provisions of this order may

result in the automatic entry of a dismissal or a default, or sanctions, as the circumstances warrant in accordance with Fed. R. Civ. P. 16 and 37, made applicable to this proceeding by Fed. R. Bankr. P. 7016 and 7037.

By the Court,

*/s/ Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: October 19, 2016